UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KENNETH LITTLES,

                Plaintiff,

          -against-

P.O. ROBERT MOLLOY of 102nd Precinct;
MOHAMMED UDDIN; AZAHARUL ISLAM,

                Defendants.
----------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-4302 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Kenneth Littles, proceeding *pro se* and currently incarcerated at the Anna M. Kross Center at Rikers Island, brings this civil rights action under 42 U.S.C. § 1983 ("Section 1983").[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims against Mohammed Uddin and Azaharul Islam are dismissed. Plaintiff's claims against Police Officer Robert Molloy of the 102nd Precinct shall proceed.

**BACKGROUND**

      Plaintiff brings this action in connection with his May 20, 2017 arrest in Jamaica, Queens. He names as Defendants the arresting officer, Robert Molloy of the 102nd Precinct, and two private individuals, Mohammed Uddin and Azaharul Islam, who Plaintiff alleges called him "racial names which by law is a hate crime," while he waited at a bus stop. (Am. Compl. at 7.)[2] Plaintiff alleges that he "was told that [he] was being arrested for a crime that [Police Officer

---

[1] Plaintiff filed a complaint on July 12, 2017 and an amended complaint ("Am. Compl.") on July 25, 2017, which is essentially a duplicate of the original complaint.

[2] The Court refers to the page numbers assigned by the court's Electronic Case Filing system.

1

Molloy] was told [he] did & it never occurred[,] and [Plaintiff is] still incarcerated for a crime . . . ." (*Id.*) Plaintiff seeks money damages for the injuries of pain and suffering, depression, and psychiatric help and medication. (*Id.* at 7, 9.)

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In order to maintain a Section 1983 action, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere."

*Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Here, Plaintiff brings claims against Mohammaed Uddin and Azaharul Islam, who Plaintiff alleges made racial slurs against him while he was waiting at a bus stop. Because these two individuals are private citizens and not state actors, Plaintiff's claims against them must be dismissed. *See generally American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotation omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

Plaintiff has properly alleged a false arrest claim against Police Officer Robert Molloy of the 102nd Precinct. This claim shall proceed.

## **CONCLUSION**

Plaintiff's claims against Mohammaed Uddin and Azaharul Islam are dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B). No summonses shall issue as to these Defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's false arrest claim against Police Officer Robert Molloy of the 102nd Precinct shall proceed. The Clerk of Court shall issue a summons as to Police Officer Robert Molloy and the United States Marshal Service is directed to serve the summons, complaint, and this Order upon this Defendant without prepayment of fees.

The Clerk of Court shall send a copy of this Order to Plaintiff and to the Corporation Counsel of the City of New York.  The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*_____
PAMELA K. CHEN
United States District Judge

Dated: December 7, 2017
      Brooklyn, New York